Statement.

## Staunton.

## SCOTT ROLLER MILL COMPANY, INC., V. SOWDER AND OTHERS, TRUSTEES.

### September 14, 1911.

1. DEEDS—*Description of Land—Notice of Prior Unrecorded Deed— Case in Judgment.*—A grantor conveyed to S. a part of a tract of land known as the "Mill tract." Subsequently he conveyed to the same grantee "the balance" of the Mill tract, but the grantee failed to record the last deed until after his grantor had conveyed to trustees for the benefit of his creditors, "the balance of the mill tract after deducting the amount conveyed to S." The second deed to S., and the deed to the trustees convey the same land, by substantially the same description, but the trustees had no notice, actual or constructive, of the second deed to S. except so far as the language of the deed to them was notice.

    *Held:* The language of the deed to the trustees does not charge them with notice of the second deed to S., and they take the land in preference to S.

2. DEEDS—*Failure of Consideration—Recovery of Purchase Price— Disclaimer.*—Where a grantee has failed to record his deed until after his grantor has conveyed the land to another, and then files before a commissioner who is auditing debts against his grantor an account distinctly stating on the face of it that it is the consideration for the deed conveying the land to him, this is a clear disclaimer by the grantee of any ownership of the land under the deed, and an assertion of his right to reimbursement of the purchase money.

3. EQUITY PRACTICE—*Defendant Seeking Cross Relief.*—If a defendant to a suit by trustees holding real estate for the benefit of creditors intends to dispute their title to a part of the real estate, he should do so by an answer to be treated as a cross-bill, setting up his title thereto, and not by an exception to the master's report of debts secured.

Appeal from a decree of the Circuit Court of Floyd county. Decree for the complainants. One of the defendants appeals.

*Affirmed.*

The opinion states the case.

*Scott, Buchanan & Cardwell* and *David H. Leake,* for the appellant.

*C. B. & H. M. Moomaw* and *R. F. Thompkins,* for the appellee.

Harrison, J., delivered the opinion of the court.

On the 15th day of April, 1908, Winfield Scott conveyed to V. M. Sowder, G. W. Agnew and F. J. Agnew, trustees, all of his estate, real and personal, for the benefit of all of his creditors, the appellant company being named in the deed of assignment as one of the creditors thereby secured. The bill in this case was filed by the three trustees named in the deed, seeking the aid of the court in the administration of the trust imposed upon them.

The present controversy is over the "balance" of a tract of land known as the "mill tract," containing about twenty acres. It appears that a portion of this mill tract (amount not shown by the record) was conveyed to the appellant company prior to March 23, 1908, and that by deed bearing the last named date the "balance" of the tract was conveyed to that company. This last named deed had not been recorded on the 15th day of April, 1908, when the general assignment, which embraced the land in controversy, was made and recorded.

The circuit court held that the disputed land, known as the "balance of the mill tract," passed under the trust deed to the appellees, and that the Scott Roller Mill Company acquired no title thereto under its deed of March 23, 1908, because of its failure to record such deed. From that decree this appeal was taken.

It appears that by decree of July, 1908, the cause was

referred to a commissioner to report the assets of Winfield Scott conveyed in the deed of trust of April 15, 1908, and his liabilities. The commissioner filed his report the following October, reporting a debt, including interest, of $1,930.14 in favor of the appellant company. This finding was excepted to by the debtor, Winfield Scott, and thereupon the cause was recommitted to the commissioner for further inquiry with respect to the debt reported in favor of the appellant. At the following April term of the court the commissioner filed his second report, in which he reported as a liability of Winfield Scott an account filed by the appellant in the following words and figures:

"W. Scott,

1909.       In a/c with Scott Roller Mill Co.       Dr.

March 25,   To amount credited W. Scott, for twenty acres and few rods of land which company failed to get because deed was not recorded before deed of trust,.................$500.00"

At the instance of the appellees, the cause was again recommitted to the commissioner, because his report was incomplete in that it did not report all the matters of account between the Roller Mill Company and W. Scott. When the cause was pending before the commissioner under the last mentioned order, the Scott Roller Mill Company, for the first time, brought before the commissioner its unrecorded deed of March 23, 1908, from W. Scott, claiming title thereunder to the land in controversy. In support of this claim appellant sought to show that the deed from Scott had been delivered to it at a meeting of the company's stockholders in the presence of G. W. Agnew and F. J. Agnew, two of the trustees in the deed of assignment, and that the trustees, at the time of the conveyance to them, knew that the twenty

77

acres of land in controversy had been sold and conveyed to the appellant company.

The commissioner in his third report, filed at the October term, 1909, says with respect to this new claim of the appellant, that the weight of the evidence is against the contention that the deed to appellant was delivered to it before the 15th day of April, 1908, the date of Winfield Scott's assignment. This finding of the commissioner is amply sustained by the evidence, and it is also satisfactorily shown that the trustees had no knowledge of the deed from Winfield Scott to the appellant company until after the property had been conveyed to them for the benefit of Scott's creditors.

The appellant further insists that the deed from Winfield Scott to the trustees did not convey the twenty acres of land in controversy, and in support of this position it relies upon the following language of the assignment describing the property: "One piece bought of M. Scott, executor, balance of the mill tract after deducting the amount conveyed to the Scott Roller Mill Company, lying about three miles northeast of Floyd Court House," etc.

This description of the property as the "balance of the mill tract after deducting the amount conveyed to the Scott Roller Mill Company" is in effect the same description used by the same grantor in the deed under which the appellant claims. In both deeds the land is described as the balance of the tract, the grantor having in mind, no doubt, the fact that part of the mill tract had been conveyed to the Scott Roller Mill Company some time before this controversy. There can be no question of the identity of the land conveyed by the two deeds; that they both convey the same land is shown by the undisputed evidence of Winfield Scott, the grantor, in both deeds, who says: "The description of the land in the assignment fits the same land conveyed in the deed to the Scott Roller Mill Company."

Together with a large number of other creditors of Winfield Scott, the appellant company was made a party defendant to this suit. It did not, however, which would have been the proper practice, file an answer to be treated as a cross-bill, setting up its deed of March 23, 1908, and claiming title to the property. On the contrary, appellant filed an account before the commissioner to be audited as a liability of Winfield Scott for $500.00, distinctly stating on the face of the account that it was the consideration for the deed of March 23, 1908, which it had credited to W. Scott, and was entitled to recover back because it had failed to get the land by not recording its deed before the deed of trust was recorded. This was a clear disclaimer by the appellant of any ownership of the land under the deed of March, 1908, and an assertion of its right to reimbursement of the purchase price which was allowed by the commissioner. Not until some time thereafter, when the commissioner was making his third and last report involving a settlement of the accounts between W. Scott and the appellant did the latter bring forward this deed of March 23, 1908, and claim to be, by virtue thereof, the owner of the land in controversy.

As already seen, there were no pleadings putting in issue the present belated contention of the appellant, and without intending to approve as proper practice the method adopted for raising the question, it is sufficient to say that upon the whole case the appellant has failed to sustain the issue raised by its assertion of title to the land in controversy, and the decree appealed from must be affirmed.

*Affirmed.*